L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
Phone: 800-219-3577
Fax: 323-207-3885
Email: pmankin@paulmankin.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANDERSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC.; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | **Civil Action No.:**<br><br>**COMPLAINT FOR:**<br>　(1) **VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 – False Pretenses)**<br>　(2) **VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCY ACT (Cal. Civ. Code § 1785.1)**<br><br>**JURY DEMAND** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

JOSEPH ANDERSON ("Plaintiff"), by his attorney, L. Paul Mankin, alleges the following against CONVERGENT OUTSOURCING hereinafter ("Defendant").

COMPLAINT AND DEMAND FOR JURY TRIAL
- 1 -

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual, against Defendant, for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, *as amended.* ("FCRA"), and the California Consumer Credit Reporting Act § 1785.1 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that Defendant transacts business here, and in that the conduct complained of occurred here.

## PARTIES

4. Plaintiff, Joseph Anderson, is a natural person who resides in the County of Los Angeles, and State of California.

5. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15. U.S.C. § 1681a(c).

6. At all times pertinent hereto, Defendants was a "person" as that term is defined by 15 U.S.C. § 1681a(b) and "user" of credit reporting information as contemplated under 15 U.S.C. § 1681b(f) .

## FACTUAL ALLEGATIONS

7. On April 24, 2015, Plaintiff obtained his Experian consumer credit report to review potential inaccurate information.

8. Upon reviewing his Experian consumer report he noticed that Convergent Outsourcing obtained a his consumer report by making regular inquiries.

9. Plaintiff's Experian consumer report states that the inquiries were made on November 12, 2013 and March 19, 2015.

10. Plaintiff asserts this is not his account. Defendant's out of state address is not familiar to Plaintiff as one of his creditors. Plaintiff believes Defendant is making inquiries on the wrong party.

11. Consequently, Defendant did not have a permissible purpose for accessing Plaintiff consumer credit report because Plaintiff never provided Defendant permission to obtain his consumer credit report.

12. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

# FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b, WILFULL NON-COMPLIANCE BY DEFENDANT

(Against all Defendants)

13.  Plaintiff repeats and re-alleges and incorporates by reference the preceding paragraphs.

14.  Defendant is a furnisher of information within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681-s2.

15.  Defendant willfully violated the Fair Credit Reporting Act. Defendant's violation include, but are not limited to willfully violating 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b.

16.  Based on information and belief, the credit reviews and the credit inquiries were used as collection tactics by Defendant with intent to obtain information and thereby have an unfair advantage over Plaintiff and/or harm Plaintiff's good name and credit rating.

17.  As a result of Defendant's unauthorized actions, Plaintiff has suffered damages and is entitled to actual damages, punitive damages as the court may allow, as well as reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1681(n).

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against Defendant as follows:

A. Pursuant to 15 U.S.C. § 1681n(a) (1) (B), award him actual damages, and/or $1,000 for each access of her credit report obtained by false pretenses,

B. Pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive damages as the Court deems appropriate;

C. Pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; and

D. Grant such other and further relief as the court deems just and proper.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT, 15 U.S.C. § 1785.11
**(Against all Defendants)**

18. Plaintiff repeats and re-alleges and incorporates by reference the preceding paragraphs.

19. In committing the acts against Plaintiff as alleged above, Defendant subjected Plaintiff to unfair credit reporting practices. Defendant's violations include at least the following: obtaining and reviewing Plaintiff's consumer credit

report from Experian without having permissible purpose required under California Civil Code § 1785.11.

20. Based on information and belief, Defendant did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report from Experian. Therefore Defendant's request, acquisition and use of Plaintiff's consumer report was in violation of California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.11 and 1785.19.

21. Defendant negligently, willfully, and/or under false pretenses, requested, obtained and used Plaintiff's consumer report for a purpose not authorized by California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.19.

22. As a result of these unauthorized actions by Defendant, Plaintiff has suffered damages and is entitled to actual damages, punitive damages as the court may allow, and injunctive relief ordering deletion of the credit inquiries.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against Defendant as follows:

A. Actual damages;

B. Statutory damages for willful violations;

C. Punitive damages as the Court deems appropriate;

D. Costs and reasonable attorney's fees; and

E.   For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

DATED:  February 3, 2016                    RESPECTFULLY SUBMITTED,

**The Law Office of L. Paul Mankin**

By: /s/ L. Paul Mankin  
L. Paul Mankin  
Attorney for Plaintiff